929 F.2d 700
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Raymond G. Toombs; Craig Hutchinson,
M.D.; Donald Mason; Raymond Palmer; Dan Bolden; Marjorie
Vanochten; Frank Williams; Peter Vidor; Z. Tyszkiewicz;
Ada Martin; James Meinke; Gerald Greer; Brenda
Rockafellow; Karen Swan; Robert Switzer; Denise
Trierweiler; Joy Prelesnik; Patricia Norwood; Dennis
Davis; Debra Watkins; Robert Mulvaney; Tom Ward; R. Cole
Bouck, Defendants-Appellees.
 No. 90-1370.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 920 F.2d 932.
 VACATED IN PART AND REHEARING IN PART
 Before MERRITT, Chief Judge; NATHANIEL R. JONES, Circuit Judge, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se appellant has filed a petition for rehearing of this court's December 12, 1990 order affirming in part and vacating in part the district court's decision dismissing his civil rights complaint. Appellees have filed a brief in opposition to the petition.
 
 
 2
 Carson Lynn Brown had sought monetary, declaratory and injunctive relief for alleged violations of his constitutional rights while housed at the Ionia (Michigan) Correctional Facility. The district court dismissed the complaint as barred by res judicata and imposed sanctions under Fed.R.Civ.P. 11. During the course of the appeal, Brown was moved from Ionia to the state prison in Marquette, Michigan. Based on a determination that res judicata principles did not bar the complaint, this court in its December 12 order vacated the district court's dismissal and the imposition of sanctions, and affirmed the dismissal in part on other grounds: (1) monetary claims against defendants in their official capacity were barred, and (2) claims for injunctive and declaratory relief became moot following appellant's transfer. The remaining monetary claims against defendants in their individual capacity were remanded for further consideration by the district court.
 
 
 3
 In his petition for rehearing, Brown argues in part that his claims for declaratory and injunctive relief did not become moot upon his transfer from Ionia to Marquette. He asserts that his claims are capable of repetition and that, in fact, he has been returned to the Ionia facility. Brown also objects to this court's suggestion that alternative sanctions may be proper even though the imposition of sanctions under Rule 11 was inappropriate. He also alleges that continuous racist acts limit his access to legal materials and that the district court judge and magistrate are biased against him.
 
 
 4
 After careful consideration of the petition for rehearing and the appellees' brief in opposition to the petition, the panel concludes that Brown's arguments concerning his claims for declaratory and injunctive relief are well taken. Our suggestion regarding alternative sanctions is not mandatory nor is it rendered inappropriate by this decision. Brown's remaining assertions do not present grounds for rehearing.
 
 
 5
 Accordingly, to the extent that our order of December 12, 1990 affirmed the dismissal of claims for declaratory and injunctive relief, the petition for rehearing is granted and the order in this respect is vacated. The district court's decision dismissing claims for declaratory and injunctive relief is hereby vacated and the matter is remanded for consideration of these claims consistent with the district court's further consideration of claims for monetary relief against defendants in their individual capacity. Rule 9(b)(6), Rules of the Sixth Circuit. In all other regards, the petition for rehearing is denied. Fed.R.App.P. 40(a).